IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>TERRY L. DILL,<br><br>                Defendant. | 4:13-CR-3123<br><br>TENTATIVE FINDINGS |

      The Court has received the presentence investigation report and addendum in this case. The defendant has filed an objection to the presentence report (filing 58) and a motion for variance (filing 59).

      IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

   (d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

 (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report. Filing 58. Specifically, the defendant objects to the presentence report's application of a five-level increase to the offense conduct for "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain[.]" U.S.S.G. § 2G2.2(b)(3)(B). The defendant contends that this case "does not involve a peer-to-peer file sharing program" and that he "never sent child pornography to anyone." Filing 58 at 1. Instead, he used Dropbox, a cloud storage platform, which "was not designed by [the defendant] to share or distribute images to anyone." Filing 58 at 1. The addendum to the presentence report, on the other hand, suggests that "'[f]iles placed in a public folder [on Dropbox] can be viewable by the public thus allowing sharing of files.'" The defendant's Dropbox account, the probation officer states, was arranged into folders "which were placed in the public folder thus allowing sharing of files."

The defendant is correct, however, that placing a file into a "public" folder on Dropbox does not necessarily demonstrate that the file was available to others. Dropbox's features are distinguishable from those of peer-to-peer file-sharing services, where files placed in a shared folder are presumptively available to other users. *See, e.g., United States v. Dodd*, 598 F.3d 449, 451 (8th Cir. 2010). Generally speaking, to share a file placed in a "Public folder" on Dropbox, an accountholder must create a link and provide that link to others. *See generally*, "*What is the Public Folder for?*", Dropbox.com, https://www.dropbox.com/en/help/16 (last visited October 27, 2014); "*How do I share a file or folder with others?*", Dropbox.com, https://www.dropbox.com/help/274 (last visited October 27, 2014). Or, a user might invite another Dropbox user to share a folder, as an editor or viewer. *See* "*How do I share folders with other people?*", Dropbox.com, https://www.dropbox.com/help/19 (last visited October 27, 2014). But absent evidence that the defendant in this case actually invited another user to share a folder, or provided someone else with a sharing link, simply keeping files on Dropbox—even in a so-called "public" folder—does not prove that the files were actually made publicly available.

- 2 -

But that is not the end of the inquiry, because "distribution," for Sentencing Guidelines purposes, is not limited to actual transmission. "Distribution" means any act related to the transfer of material involving the sexual exploitation of a minor, "including possession with intent to distribute[.]" U.S.S.G. § 2G2.2 cmt. n.1; *see also Dodd*, 598 F.3d at 452. And just as the Court in a peer-to-peer network case "may reasonably infer that the defendant knowingly employed a file sharing program for its intended purpose[,]" *Dodd*, 598 F.3d at 452, the Court may reasonably infer that at the very least, a defendant who places files in a folder intended to permit sharing did so for the purpose of sharing them. It would be reasonable to conclude, from the defendant's placement of files in his "public" folder—one of which was named "Trade"—that he intended to distribute them, even if he did not actually accomplish it. And that is all that § 2G2.2(b)(3)(B) requires.

But that inference, while reasonable, is not inescapable, and the Court notes that the government retains the burden of proving distribution enhancements, and they must be decided on a case-by-case basis depending on the facts at hand. *United States v. Durham*, 618 F.3d 921, 931 (8th Cir. 2010). Accordingly, with the foregoing principles in mind, the Court will resolve the defendant's objection on the evidence presented at sentencing. And the Court's application of § 2G2.2(b)(3)(B) may also be affected, as explained below, by the defendant's motion for variance and the Court's decision in *United States v. Abraham*, 944 F. Supp. 2d 723, 734-35 (D. Neb. 2013).

3. The defendant has filed a motion for variance (filing 59) based in part on his personal history and characteristics, and in part on the policy-based rejection of the applicable sentencing Guidelines that the Court articulated in *Abraham*, 944 F. Supp. 2d at 727-35. The Court will consider the defendant's arguments and evidence, apply the modified sentencing framework set forth in *Abraham*, and resolve the defendant's motion for variance at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon

- 3 -

- 4 -

opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 27th day of October, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -